IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGONALD D. PHILLIPS,<br><br>        Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | No. C 07-0979 CW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

INTRODUCTION

Plaintiff Regonald D. Phillips, a state prisoner currently incarcerated at California State Prison - Corcoran, filed the instant pro se prisoner complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because the alleged conduct giving rise to Plaintiff's claims took place at Pelican Bay State Prison (PBSP), which is located in this judicial district. 28 U.S.C. § 1391(b).

BACKGROUND

According to the allegations in the complaint, Plaintiff has been suffering from "deliberate indifference against [his] person" for the past fifteen years in violation of "all relevent [sic] constitutional rights, bill of rights, federal and state rights, . . . civil rights, . . . [and] Geneva Accord Rights." (Compl. at 3.)

Plaintiff seeks damages and injunctive relief. He names as Defendants: the State of California as well as the California Department of Corrections and Rehabilitation (CDCR) and "it's [sic]

employees."

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## DISCUSSION

I.  Legal Claims

Plaintiff asserts that he has been subjected to continuous violations of his constitutional rights, due to deliberate indifference by prison officials, for the past fifteen years. These are the only allegations, and Plaintiff has failed to provide any additional facts. The Court finds that these allegations are not sufficient to state a plausible claim that Plaintiff's constitutional rights were violated. Therefore, the complaint is DISMISSED with leave to amend to cure this pleading deficiency. In

amending, Plaintiff should provide enough facts to explain which constitutional rights were violated, in what way and by whom during the past fifteen years.  Plaintiff must allege facts sufficient to show that Defendants' actions rise to the level of constitutional violations.

II.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Exhaustion is mandatory and no longer left to the discretion of the district court.  Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."  Id.  The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  Id. at 2387.

An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending.  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

If the court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). A prisoner's concession to non-exhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. Id. Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. See id.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation (CDCR). See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). See id. at 1237-38.

Here, Plaintiff states that all his grievances were "denied," and that he received "15 years of denials." (Compl. at 2.) Plaintiff claims the "relevant documents" are enclosed; however,

Plaintiff did not attach any of his Director's level decisions. Therefore, the Court is unable to determine if Plaintiff satisfied the administrative remedies exhaustion requirement by receiving the Director's level decisions prior to filing his suit. Therefore, it appears from the face of the complaint that Plaintiff has not exhausted his administrative remedies. Accordingly, the complaint is also DISMISSED for this reason, with leave to amend. In his amended complaint, Plaintiff must show that he exhausted his administrative remedies with respect to the deliberate indifference claims in his complaint before he filed his suit.

III. Named Defendants

Plaintiff names the State of California and the CDCR as Defendants; however, neither the State nor state agencies can be sued in federal court. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985) (Eleventh Amendment bars suits against states in federal court); Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004) (state agencies). Therefore, all claims against the State of California and the CDCR are DISMISSED.

Plaintiff also names all CDCR employees as Defendants. The Eleventh Amendment does not bar federal court suits against state employees sued in their individual capacity. See Hafer v. Melo, 502 U.S. 21, 31 (1991). However, defendants cannot be held liable simply based on their membership in a group without showing their individual participation in unlawful conduct. Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996). Either personal involvement or integral participation of each defendant in the alleged constitutional violation is required before liability may be

5

imposed. See Jones v. Williams, 297 F.3d 930, 936 (9th Cir. 2002). Plaintiff cannot sue any CDCR employees as Defendants without naming and linking them each specifically to his deliberate indifference claims. Furthermore, if Plaintiff is alleging that any of the CDCR employees is liable as a supervisor, he must allege that employee "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001). Accordingly, Plaintiff's claims against all CDCR employees are DISMISSED with leave to amend to name the individually responsible defendants.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. All claims against the State of California and the CDCR are DISMISSED.

2. Plaintiff's claims against all CDCR employees are

6

DISMISSED with leave to amend.

3.  Within <u>thirty (30) days</u> from the date of this Order Plaintiff may file an amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Plaintiff's failure to file an amended complaint will result in the dismissal of this action without prejudice for failure to state a claim upon which relief may be granted.

4.  The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

DATED:   11/25/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

REGONALD D PHILLIPS,

    Plaintiff,

v.

THE STATE OF CALIF et al,

    Defendant.

Case Number: CV07-00979 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Regonald D. Phillips E-40142    w/CR form
CSP - Corcoran - 4A-PAC
P.O. Box 3476
Corcoran, CA 93212-3476

Dated: November 25, 2008

                Richard W. Wieking, Clerk
                By: Sheilah Cahill, Deputy Clerk